CONSOLIDATED LOOPS CO. v. MINER et al.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 306.

PATENTS (§ 328*)—INVENTION—BICYCLE TRACK.

The Eck patent, No. 762,232, for a bicycle amusement apparatus, claims 1 and 7, are void for lack of invention in view of the Jones British patent, No. 17,328, of 1901.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Consolidated Loops Company against Edwin D. Miner, Charles Hadfield, and Agnes Hadfield. Decree for defendants, and complainant appeals. Affirmed.

The following is the opinion of Hough, District Judge, in the Circuit Court, so far as referred to by the Circuit Court of Appeals:

In my opinion, the patent in suit, under even a liberal interpretation, has been anticipated by the Jones British patent (17,328 of 1901).

That patent discloses with entire clearness a method of constructing a spherical bicycle track in which the sphere was outlined by grooved (or tongued or grooved) hemispherical ribs; said ribs being attached at the poles of the sphere by methods quite as widely indicated as is the means of polar attachment stated in the patent in suit. The spaces between the ribs of the Jones patent are then filled in by inserting sections of wire into the grooved sides of the ribs. This necessarily involves previous preparation of the netting sections so as to make them fit into the grooves aforesaid. It is objected that such a construction would leave the inside of the sphere too rough for bicycle performing. This is not necessarily true, for there are easily imaginable methods of preparing the wire frames which would produce a smooth, though not (so to speak) level, sphere interior, when the Jones construction is used.

But it is quite true that the Eck construction does not necessarily show a smooth or level riding surface; it only declares that the "sections between adjacent ribs are covered in suitable manner, as by ordinary woven wire fabric or netting."

There is nothing in this language which requires the netting to be attached to the inner rather than to the outer surface of the ribs.

Indeed, the patent claims in suit (1 and 7) speak wholly of a "plurality of frames secured one to another" (claim 1), and of a "spherical whirl made up of sections" (claim 7). And this idea of a sectional sphere is the central thought of Eck's patent and is the thing that he invented or thought that he invented.

The question in this case seems to me, therefore, to narrow to this: What addition, over the Jones patent, to the sum of human knowledge, did Eck make? He certainly did no more than to unite the netting sections of Jones to the rib sections of Jones; thereby materially reducing the number of parts requisite for the construction of the sectional sphere. It seems to me that this idea was purely mechanical; and that therefore the Eck patent does not, having regard to the state of the art at the time the application was filed, disclose invention; and the bill must be dismissed.

O. E. Edwards, Jr., for appellant.
C. S. Champion, for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. We concur with the judge who heard the cause at circuit that the claims (1 and 7) relied upon are void for lack of in-

vention. It may be that in constructing his device the complainant arranges his "wire netting" so as to form a smooth interior surface without any projecting ribs to interfere with the movement of the bicycle. It may also be conceded that in the prior device of the Jones patent, if constructed in strict conformity to its drawings, the "open metal work" on which the bicycle moves would be intersected by projecting ribs. But the patentee nowhere indicates that he has made what he now calls the great advance from failure to success by eliminating obstructions through his peculiar arrangement of his wire netting; nor does he make that arrangement an element of these claims. Both of them read upon the Jones "whirl" device, which if subsequent would be an infringement of both and under familiar principles, being prior, negatives invention claimed in both.

The decree is affirmed, with costs.